In the Matter of the Claim of ZEF GECAJ, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— STALEY, JR., J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 13, 1966, which determined that claimant was ineligible for benefits because of lack of total unemployment effective December 18, 1962 to June 21, 1964; that claimant made a willful misrepresentation to obtain benefits for which a forfeiture of 208 effective days was imposed; and charging claimant with an overpayment of $2,150 in benefits ruled to be recoverable. Claimant, a carpenter, is married and has five children ranging in age from 9 to 15 years. He filed a claim for benefits effective December 18, 1962 and another claim

effective January 13, 1964. In the spring of 1962 claimant moved into an apartment under an agreement whereby claimant's wife was hired as the superintendent of the building. In addition to claimant's wife's salary of $40 per week, which was subsequently raised to $51 per week, claimant's family was provided with a rent-free apartment, free gas, electricity and telephone. Claimant held a license to operate oil burners issued by the City of New York, and the landlord's agent testified at the hearing that claimant's wife would not have been hired were it not for this license held by claimant, and that the oil burner had to be cleaned every week. Claimant testified that he obtained the license "Because my wife was unable to clean the boiler and I thought I could clean it because she wasn't able to do that, that kind of work." On this record the board determined that: "The credible evidence establishes that claimant was required to help his wife perform the janitorial services for the employer in issue. He also had the sole responsibility for the efficient operation of the oil burner in the building. He was required by law to be present when the boilers were in operation. Under these circumstances, he was not totally unemployed during the period under the law." The board also determined that the concealment of his activities constituted willful misrepresentation for the purpose of obtaining benefits. The record contains substantial evidence to support the board's determination that claimant was not totally unemployed during the period in issue. The fact that his wife was hired as superintendent is not controlling since it clearly appears that she would not have been hired were it not for the fact that claimant held a license to operate oil burners, and would be available to clean and care for the burners. The board could also properly determine that claimant, in failing to disclose these facts, willfully made a false statement to obtain benefits and that the benefits derived as a result thereof were required to be repaid. (*Matter of Czagany* [*Catherwood*], 28 A D 2d 1049.) "Whether the necessary 'element of *scienter* and knowledge of falsity or wrongfulness' is present in a given case is a question of fact and therefore is for the board to determine." (*Matter of Soroka* [*Catherwood*], 24 A D 2d 920.) Claimant's certifications to total unemployment, when in fact he was rendering substantial services, clearly constituted willful misrepresentations to obtain benefits. Decision affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Staley, Jr., J.